IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANE T. LANCOUR,

            Plaintiff,

v.

LACROSSE CTY. SHERIFF'S DEP'T, and
LACROSSE CTY. JAIL AND ITS EMPLOYEES,

            Defendants.

OPINION and ORDER

20-cv-726-wmc[1]

---

Plaintiff Shane T. Lancour, appearing pro se, is a former pretrial detainee at the La Crosse County Jail. Lancour alleges that the jail's employees violated his civil rights in a variety of ways. The court granted Lancour leave to proceed in forma pauperis and he has paid the initial partial filing fee as the court directed.

Because Lancour proceeds in forma pauperis and was incarcerated when he filed his complaint, I must screen it under 28 U.S.C. § 1915(e)(2)(B). This provision requires me to dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. In doing so, I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Applying this standard, I will dismiss the complaint for failure to state a claim upon which relief may be granted and other pleading deficiencies. I will give him a chance to file an amended complaint to fix these problems.

---

[1] I am exercising jurisdiction over this case for the purposes of this screening order only.

ALLEGATIONS OF FACT

Lancour alleges the following facts, which I accept as true to screen the complaint.

The jail had a policy to lock prisoners out of their cells for at least five hours a day. The other areas where the prisoners were housed became overcrowded as a result, leading to frequent fights. After a fight, prisoner Thompson spit blood on Lancour. Prison officials did not promptly respond to Lancour's request for a shower and clean clothes. The sink in Lancour's cell did not allow him to adequately clean himself. Prison officials did not inform medical staff of this incident, which caused a delay in medical staff seeing him. Medical staff sent him to a hospital, where he tested positive for Hepatitis C antibodies. Later, prisoner Goins spit on Lancour while they were in the dayroom, locked out of their cells. Lancour did not receive a clean uniform for two hours.

Prison officials ordered Lancour to clean his cell even though he had already done so. To punish him, the officials withheld television and phone privileges. They also forced Lancour to clean up blood with bleach water and rags but no gloves or other protective equipment.

Prison officials harassed Lancour and ignored his requests for public records. Also, prison officials ignored his multiple grievances about his conditions of confinement.

The jail's policy of locking prisoners out of their cells caused inadequate social distancing and increased the likelihood of contracting COVID-19. Also, prison officials did not change their latex gloves regularly despite handling trash and touching the property of several prisoners.

Prison officials denied Lancour's requests for transfer to L-Pod, which offered safer and less restrictive conditions than the jail's other housing areas. Lancour sought a transfer partly because certain prisoners were threatening him. A prison official denied Lancour's request

because Lancour stated that he was "going to do this Shawshank Redemption style." Although Lancour made this statement in a joking manner, the prison official interpreted it as a threat to escape.

One day, prisoner Ellis choked and scratched Lancour. For months, Lancour did not receive access to recreation in G-Block. Also, G-Block did not allow enough natural light. Prisoners in G-Block were frequently denied mail, television, phone, newspaper, and canteen privileges to punish them.

Prison officials sent Lancour to segregation for 24 hours for using a blanket during the day even though the jail's policy allowed him to do so.

Lancour names the La Crosse County Sheriff's Department and the "La Crosse County Jail and [its] employees" as defendants. Lancour seeks damages and injunctive relief.

ANALYSIS

Because of various pleading deficiencies, I will not allow Lancour to proceed on his complaint at this time. But some of these deficiencies can be fixed, and I will allow him to file an amended complaint to address those problems.

I start with a general problem. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Lancour must plead enough "factual content" to allow me reasonably infer that "the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Also, individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

Lancour's complaint does not comply with Rule 8. The complaint is 34 pages and contains facts that have no meaningful connection Lancour's requests for relief. Although Lancour specifically identifies a few prison officials in the complaint's body, he mostly refers to the officials who allegedly violated his civil rights in general terms like "jailers" or "jail staff." Lancour's allegations are too vague and general for me to reasonably infer that any specific unnamed individuals have violated his civil rights. If Lancour wishes to proceed on a claim against a particular jail employee, he must specifically name the employee in the amended complaint's caption. Lancour must provide reasonably detailed allegations explaining what each defendant did, or failed to do, that deprived Lancour of his civil rights.

I turn now to some additional specific problems with Lancour's complaint. I must dismiss the La Crosse County Sheriff's Department and the jail as defendants because they do not have the legal capacity to be sued under § 1983. *Morrison v. Brown Cty. Jail*, No. 21-CV-1436-PP, 2022 WL 1203042, at *2 (E.D. Wis. Apr. 22, 2022). Lancour may, if he wishes, name La Crosse County as a defendant in his amended complaint. But to state a claim against the La Crosse County under § 1983, Lancour must allege facts that show that a county "policy" or "custom" caused a violation of his constitutional rights. *Montano v. City of Chicago*, 535 F.3d 558, 570 (2008).

Lancour has also sued the jail's employees. But to state a claim against a jail employee, Lancour must identify the employee by full name in the amended complaint's caption. *See Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005).

Lancour alleges that prison officials improperly processed his grievances. A plaintiff's correspondence to a prison administrator may establish personal liability under § 1983 when that correspondence provides sufficient knowledge of a constitutional violation that the

4

administrator could remedy. *See Perez v. Fenoglio*, 792 F.3d 768, 781–82 (7th Cir. 2015). But here, Lancour vaguely alleges only that his grievances were ignored or wrongfully denied. Without more facts about the content of the grievances, identity of the recipients, and the relevant circumstances, I cannot reasonably infer that the alleged mishandling of Lancour's grievances was itself a violation of his civil rights. *See Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017); *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017).

Lancour seeks various forms of injunctive relief. But these requests are moot because he has been released from the jail. *Koger v. Bryan*, 523 F.3d 789, 804 (7th Cir. 2008).

If Lancour chooses to file an amended complaint, I will require him to use the court's prisoner complaint form, which should help him focus his complaint on the necessary information. If he needs additional space to for his allegations, I will allow him to include up to five supplemental pages.

ORDER

IT IS ORDERED that:

1. Plaintiff Shane T. Lancour's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until September 21, 2022 to submit an amended complaint that corrects, if possible, the above deficiencies.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order.[2] Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended

---

[2] Although plaintiff is not currently in prison, I am sending him this form because he was incarcerated when he filed this lawsuit.

complaint, and against only the defendants specifically named in the amended complaint.

5. If plaintiff does not file an amended complaint by September 21, 2022, or otherwise fails to comply with this order, I will dismiss the case for any appropriate reason.

6. It is plaintiff's obligation to inform the court of any new address. If he fails to do this and defendants or the court are unable to locate him, his claims may be dismissed for his failure to prosecute them.

7. The clerk of court is directed to send plaintiff a copy of this order and the court's prisoner complaint form.

Entered August 31, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge