IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANE LANCOUR,

                Plaintiff,                OPINION AND ORDER

    v.                                              20-cv-726-wmc

CAPTAIN JIM VERSE, MIKE DEVINE,
WILLIAM WOLF, RYAN SCHLICHT,
STEPHANIE GUTH, MEGAN SCHROEDER,
and MARTY GUNDERSON,

                Defendants.

---

*Pro se* plaintiff Shane Lancour alleges that officers at the La Crosse County Jail subjected him to objectively unreasonable conditions of confinement in an overcrowded dayroom, in violation of his rights under the Fourteenth Amendment. (Dkt. #26.) Defendants move for summary judgment on the ground that Lancour failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"). (Dkt. #58.) Because defendants have failed to prove a lack of exhaustion, the court will deny their motion for summary judgment on that ground.

OPINION

**I. The Exhaustion Requirement**

Under the PLRA, "[a]n inmate complaining about prison conditions must exhaust administrative remedies before filing suit." *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). "Exhaustion requires complying with the rules applicable to the grievance process at the inmate's institution." *Id.*; *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and

at the time, the prison's administrative rules require."). A prisoner's failure to exhaust constitutes an affirmative defense, which defendants must prove, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018); and at summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The PLRA's exhaustion requirement is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). However, inmates are only required to exhaust administrative remedies that are available to them. *Ross v. Blake*, 578 U.S. 632, 642 (2016). "[A]n administrative procedure is unavailable when . . . officers [are] unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* at 643. Also, an administrative procedure is unavailable when it is "so opaque" that "no ordinary prisoner can discern or navigate it." *Id.* at 643-44. Finally, an administrative procedure is unavailable if prison and jail officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644.

It is undisputed that Lancour was aware of the jail's rules regarding grievances and knew how to file and exhaust grievances. (Dkt. #62, at 2; Dkt. #60-2 to 60-4.) The grievance procedure, which was available to inmates on the electronic kiosk system at the time of the events in question, states the following:

- Attempt to settle the dispute or complaint on an informal basis – meaning, speak with a jailer.
- If the problem cannot be resolved on an informal basis, the inmate may request a grievance form.

- The grievance form must be filled out and given to Jail Staff within seven days of the incident or event that is the basis of the grievance.

- The Jail Sergeant will have a minimum of seven days to investigate the grievance and will respond in writing.

- If the inmate is dissatisfied with the decision, a written appeal may be made to the Jail Captain within three days of the receipt of the Sergeant's decision.

- The Jail Captain will have a minimum of seven days to investigate the appeal and will respond in writing.

(Dkt. #64, at ¶ 4; Housing Rules 3/2012, dkt. #64-1.) The procedure makes clear that the above steps must be followed in order. (*Id*.)

## II. Incident and Grievance

In this lawsuit, the court granted Lancour leave to proceed on conditions-of-confinement claims against: (1) Verse for implementing a policy of confining prisoners to an overcrowded dayroom where inmates regularly threatened each other with violence; and (2) Devine, Wolf, Schlicht, Guth, Schroeder, and Gunderson for denying him shower access and clean clothes after a prisoner spat blood on him during a fight that occurred in the dayroom on June 24, 2018. (Dkt. #26, at 4.) It is undisputed that Lancour filed a written grievance form about the incident on June 26, 2018, stating that a fight broke out between inmates when they were locked out of their cells and confined in the dayroom, that one of the fighting inmates spat blood that hit Lancour on his body, head, and uniform, and that unnamed jail personnel knew Lancour had blood on him but did not provide him with a clean uniform or access to a shower until hours later. (Dkt. #60-4, at 2.) On July 3, 2018, Steve Anderson, the jail captain at that time, responded that medical

staff had seen and were taking care of Lancour, and that Lancour had access to soap and water and could have washed himself right away. (*Id*.)

Defendants argue that Lancour failed to exhaust his administrative remedies by not filing an appeal of Anderson's decision within three days. Lancour contends that there were no levels of appeal open to him after Jail Captain Anderson responded to his grievance in July 2018, because the jail captain is the final level of appeal. Although defendants counter that Lancour's "perception" that further exhaustion would be futile does not excuse the exhaustion requirement, *see Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005), it was more than reasonable for Lancour to assume from the jail's vague grievance procedure that no further steps were required because he had already received a response from the highest level of administration at the jail. Moreover, as Lancour argues, he had no intention of dropping his complaint because he made numerous attempts to reopen his grievance and raise his concerns after hearing from Anderson. Because defendants have failed to prove a lack of exhaustion, the court must deny their motion.

## ORDER

IT IS ORDERED that defendants' motion for summary judgment based on exhaustion grounds (dkt. #58) is DENIED.

Entered this 19th day of December, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge